UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

SUSANA CARDANO, and other similarly )
situated individuals, )
                                                       )
                 Plaintiff(s), )
                                                       )
v.                                                       )
                                                       )
THE EMPANADA LADY CO. d/b/a ArtPie, )
MONIQUE FONT DELACROIX and )
BORIS MARINOVIC, )
                                                       )
               Defendants. )
_____)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff SUSANA CARDANO ("Plaintiff") and other similarly situated individuals, sue the Defendants THE EMPANADA LADY CO. d/b/a ArtPie, MONIQUE FONT DELACROIX and BORIS MARINOVIC (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This action also arises out of Plaintiff's employment relationship with Defendants, including her wrongful termination in violation of the Families First Coronavirus Response Act (the "FFCRA") and the Emergency Paid Sick Leave Act ("EPSLA")[1].

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the Miami-Dade Human Rights Commission. As soon as the Commission issues a determination of probable cause, Plaintiff will move to amend this Complaint to include claims of discrimination and retaliation under the appropriate statutes.



www.saenzanderson.com

1

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. THE EMPANADA LADY CO. d/b/a ArtPie (the "Corporate Defendant"), MONIQUE FONT DELACROIX and BORIS MARINOVIC (the "Individual Defendants"), are a Florida company and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

**GENERAL ALLEGATIONS**

5. Plaintiff is a baker living in Miami-Dade County who, at all times relevant, worked for Defendant in Miami-Dade County.

6. Plaintiff worked for the Corporate Defendant from 2013 until her wrongful termination sometime on or about late July of 2020.

7. On or about December 16, 2019, Plaintiff had surgery due to a serious medical condition. After a period of recovery of approximately 1.5 months, Plaintiff went back to work for the Corporate Defendant.

8. Upon her return, Plaintiff began feeling COVID-19 type symptoms and her doctor advised her to quarantine herself for two weeks.



9. Plaintiff told Defendants about her COVID-19 type symptoms and her doctor's recommendations to quarantine herself for two weeks. Accordingly, Plaintiff requested Defendants to give her leave of two weeks.

10. Defendants accepted Plaintiff's request and granted a two-week leave to Plaintiff.

11. One week later, on or about July 28, 2020, Defendants terminated Plaintiff's employment.

12. Defendants considered Plaintiff a good employee.

13. From her date of hire until her unlawful termination, Plaintiff received satisfactory feedback from Defendants about her work performance.

14. Up until the time of Plaintiff's termination, Defendants did not explain to Plaintiff her potential rights to leave under the FFCRA or the EPSLA.

### COUNT I: WAGE AND HOUR VIOLATION BY THE CORPORATE DEFENDANT (OVERTIME)

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."



www.saenzanderson.com

17. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

18. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a wholesale bakery and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a baker for the Corporate Defendant's business. However, during her employment, Plaintiff was also tasked with other duties and responsibilities, such as serving tables in the Corporate Defendant's cafeteria.


www.saenzanderson.com

19. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 50-55 hours per week. Specifically, before March of 2020, Plaintiff worked from 8 a.m. until she was finished, which could typically occur at 5 p.m. to 7 p.m. (10 to 12 hours each day, Monday through Friday, or 50-60 hours per week). After March of 2020, Plaintiff's schedule changed, but only slightly. She began working from 8 a.m. to 5 p.m. from Monday through Friday, and from 9 a.m. to 2 p.m. on Saturdays (approximately 45 hours per week).

20. At all times relevant, Corporate Defendant paid Plaintiff 17 to 20 cents per empanada she prepared, which amounts to $400 - $1,000 per week. However, Corporate Defendant never paid Plaintiff overtime for hours Plaintiff worked over 40 per week.

21. Plaintiff worked for the Corporate Defendant from approximately 2003 through on or about July 28, 2020. In total, Plaintiff worked approximately 146 compensable weeks under the Act, or 146 compensable weeks if we count 3 years back from the filing of the instant action[2].

22. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

---

[2] Between late 2019 and early 2020, Plaintiff took approximately one and one-half month off due to a medical condition which required surgery. Plaintiff is not requesting unpaid overtime for this period.



www.saenzanderson.com

      a. **Actual Damages: $13,271.03**

          i.    <u>Calculation</u>: $700 (average weekly pay) / 55 (average weekly hours) = $12.73 (hourly pay) x .5 (overtime rate) x 15 (approximate number of overtime hours) x 139 compensable weeks[3] = $13,271.03

      b. **Liquidated Damages:** $13,271.03

      c. **Total Damages: $26,542.06** plus reasonable attorneys' fees and costs of suit.

24.    At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

25.    The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant

---

[3] 146 compensable weeks – 6 weeks unpaid leave – 1 week quarantine leave = 139 compensable weeks *See supra,* Footnote 2.



www.saenzanderson.com

6

never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

26. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

27. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### COUNT II: WAGE AND HOUR VIOLATION BY THE INDIVIDUAL DEFENDANTS (OVERTIME)

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 and 23 above as if set out in full herein.



www.saenzanderson.com

7

29. At the times mentioned, the Individual Defendants were, and are now, the officers and perhaps owners of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and are jointly liable for Plaintiff's damages.

30. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

31. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

32. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and



www.saenzanderson.com

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**COUNT III: INTERFERENCE WITH FFCRA AND EPSLA RIGHTS (FAILURE TO PROVIDE INFORMATION)**

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

34. On July of 2020, Plaintiff was eligible for leave and paid leave under the FFCRA, and the EPSLA.

35. Under the FFCRA and the EPSLA Plaintiff was entitled to paid sick leave because she was unable to work and was experiencing symptoms of COVID–19 and seeking medical diagnosis from a health care provider who ordered her quarantine.

36. At all times material, Plaintiff gave proper notice to Defendants.

37. Plaintiff provided enough information for Defendants to know that her potential leave may be covered by the FFCRA and the EPSLA.

38. Despite its knowledge of Plaintiff's potential leave under the FFCRA and the EPSLA, Defendants failed to notify Plaintiff of her eligibility status and rights under the FFCRA and the EPSLA.

39. Similarly, Defendants failed to notify Plaintiff whether her leave was or could be designated leave under the FFCRA and the EPSLA.



40.     When Defendants failed to notify Plaintiff of her eligibility status and rights under the FFCRA and the EPSLA, and failed to notify Plaintiff whether her leave was or could be designated as leave under the FFCRA and the EPSLA, the Defendants interfered with Plaintiff's rights under the FFCRA and the EPSLA.

41.     As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FFCRA and the EPSLA;

b. Reinstatement of compensatory mental damages;

c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees;

g. Award Plaintiff any further relief pursuant to the FFCRA and the EPSLA; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

### JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

### COUNT IV: INTERFERENCE WITH RIGHTS UNDER THE FFCRA AND THE EPSLA (TERMINATION)

42.     Plaintiff repeats and re-alleges paragraphs 1-14 as if fully stated herein.

43.     In July of 2020 Plaintiff was eligible for leave under the FFCRA and the EPSLA.



44. At all times material, Plaintiff gave proper notice to Defendants.

45. Plaintiff provided enough information for Defendants to know that her potential leave may be covered by the FFCRA and the EPSLA.

46. Despite their knowledge that Plaintiff needed time off to quarantine, Defendants terminated Plaintiff instead of affording her the opportunity to take two-weeks leave under the FFCRA and the EPSLA.

47. When Defendants fired Plaintiff, they interfered with Plaintiff's rights under the FFCRA and the EPSLA.

48. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FFCRA and the EPSLA;

b. Reinstatement or compensatory mental damages;

c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees;

g. Award Plaintiff any further relief pursuant to the FFCRA and the EPSLA; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.



www.saenzanderson.com

## COUNT V: VIOLATION OF THE FFCRA AND THE EPSLA – RETALIATION

49. Plaintiff repeats and re-alleges paragraphs 1-14 and 33-48 as if fully stated herein.

50. Defendants terminated Plaintiff following her request for leave under the FFCRA and the EPSLA.

51. Defendants terminated Plaintiff because she requested leave under the statutes referenced in the preceding paragraph.

52. Defendants have intentionally engaged in unlawful employment practice in violation of the FFCRA and the EPSLA, by retaliating against Plaintiff for having requested to take leave under these statutes.

53. Plaintiff's request for leave pursuant to the FFCRA and the EPSLA, was a direct and proximate cause of her termination.

54. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FFCRA and the EPSLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

   a. Enter judgment in Plaintiff's favor and against Defendants for their violations of the FFCRA and the EPSLA;

   b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

   c. Award Plaintiff liquidated damages;

   d. Reinstatement;

   e. Award Plaintiff prejudgment interest on her damages award;

   f. Award Plaintiff reasonable costs and attorney's fees; and



www.saenzanderson.com

12

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

### JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: October 6, 2020.                                  Respectfully submitted,

**By: /s/ Tanesha W. Blye**
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com

13